# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ALFONSO RODRIGUEZ ORTIZ,**<br><br>  Plaintiff,<br><br>v.<br><br>**WHITE LODGING SERVICES CORPORATION**<br><br>  Defendant. | **CIVIL ACTION NO. 1:21-cv-00118**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

ALFONSO RODRIGUEZ ORTIZ, ("Ortiz" or "Plaintiff"), by and through his attorney of record, hereby complains of White Lodging Services Corporation ("White Lodging" or "Defendant"), and for cause of action would show as follows:

### 1. INTRODUCTION

1.1. Plaintiff complains that White Lodging interfered with Plaintiff's right to take medical leave and terminated Plaintiff in retaliation for taking medical leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA")[1].

1.2. This action seeks back pay and front pay, compensatory and punitive damages, liquidated damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, and all other damages permitted at law or in equity.

---

[1] Plaintiff has filed a Charge of Discrimination with the Equal Opportunity Commission and the Texas Workforce Commission – Civil Rights Division to address his disability and/or perceived disability claims. Once Plaintiff receives his Notice of Right to Sue from these agencies, he will amend his lawsuit to include those claims.

## 2. PARTIES

2.1. Plaintiff is a resident of Harris County, Texas. At all material times, Plaintiff was employed by Defendant in Austin, Travis County, Texas.

2.2. Defendant is an Indiana corporation authorized to do and conducting business in the State of Texas with its principal place of business located in Austin, Texas.

2.3. Defendant can be served with process through its registered agent for service of process, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## 3. JURISDICTION

3.1. This action is brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and the Americans with Disabilities Act, as amended.

3.2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Texas—Austin Division.

3.3. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. FACTS

4.1. Alfonso Rodriguez Ortiz began working for White Lodging Services Corporation in November 2018 as the Dual Director of Services. In this role, Plaintiff managed roughly 56 housekeeping employees, including managers, at the Courtyard & Residence Inn Austin Downtown Convention Center in Austin, Texas.

4.2. In February or March 2019, Plaintiff experienced a burning sensation when he urinated and back pain. The doctor told Plaintiff that he had blood in his urine. Plaintiff needed to see an urologist for additional testing and diagnosis. However, Plaintiff had to forego further testing and treatment because he did not have health insurance and could not afford to pay out of pocket.

4.3. Plaintiff immediately informed the Director of Human Resources, Sylvia Choi, and his supervisor/General Manager, Hank Reilly, about his medical condition. Over the next year, Plaintiff came to work despite the constant and increased back pain. He never complained and continued to perform well. Mr. Reilly occasionally inquired as to how Plaintiff was feeling, to which he replied that he was tired and in pain.

4.4. Plaintiff eventually also began to experience body aches, fatigue, and fevers, but he continued to do his job diligently. In March 2020, Defendant furloughed its entire housekeeping staff due to the COVID-19 pandemic. Consequently, Plaintiff was required to do laundry and keep the 460+ hotel rooms cleaned without any help. This increased manual labor made Plaintiff's back pain worse.

4.5. Plaintiff saw an urologist after finally obtaining health insurance in June or July 2020. He learned that his symptoms were possibly the result of prostate cancer. The urologist needed to run a battery of tests to confirm the diagnosis. Plaintiff informed Ms. Choi and Mr. Reilly about the new information. Around the same time, Mr. Reilly wrote Plaintiff up for alleged performance issues. Mr. Reilly told Plaintiff "don't make me regret that I hired you."

4.6. On or about August 6, 2020, Plaintiff inquired about FMLA leave via email to Ms. Choi. On or about August 10 or 11, 2020, Plaintiff spoke with Ms. Choi and Mr. Reilly about FMLA leave. They questioned why Plaintiff needed to take leave if he had not yet been diagnosed. Ms. Choi commented that she did not take FMLA leave until after she was diagnosed with cancer. Plaintiff explained that the doctor was concerned with the stress of the increased manual labor on his back and mental health and that he needed time for the tests to be conducted.

4.7. On or about August 17, 2020, Plaintiff's doctor officially ordered him to take FMLA leave. Plaintiff spoke with Ms. Choi to request the medical leave. Plaintiff's FMLA leave was set for August 18, 2020 to October 18, 2020.

4.8. On August 28, 2020, Plaintiff was terminated by Ms. Choi and Mr. Reilly allegedly because his position had been eliminated due to COVID-19. Upon information and belief, the housekeeping manager, George Varela, was brought back from furlough to replace Plaintiff around September 4, 2020.

4.9. White Lodging illegally interfered with Plaintiff taking intermittent leave under the FMLA by terminating him before he completed medical leave. White Lodging also retaliated against Plaintiff by terminating his employment for taking leave under the FMLA.

## 5. CAUSE OF ACTION: FAMILY AND MEDICAL LEAVE ACT

5.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

5.2. Defendant interfered with Plaintiff's right to seek medical leave under the FMLA. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

5.3. Defendant terminated Plaintiff in retaliation for requesting federally protected leave under the FMLA, 29 U.S.C. § 2601, *et seq.* It is unlawful for any employer to discharge or discriminate against any individual for seeking FMLA leave.

5.4. Plaintiff has suffered damages as a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above.

## 6. DAMAGES

6.1. As a result of Defendant's conduct, Plaintiff seeks the following relief: (1) past and future lost wages and benefits; (2) out of pocket expenses; (3) costs of court and attorney's fees;

(4) compensatory damages; (5) pre-judgment and post-judgment interest; and (6) all other damages to which he shows himself entitled, whether in equity or at law.

6.2. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards Plaintiff's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant so as to deter this type of conduct in the future.

## 7. JURY DEMAND

7.1. Plaintiff hereby makes a request for a jury trial in this cause, and has paid the required jury fee.

## 8. PRAYER

8.1. WHEREFORE, Plaintiff respectfully prays that Defendant be summoned to appear and answer, and that upon final hearing of this cause, Plaintiff is granted the following relief:

8.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

8.1.2. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the FMLA;

8.1.3. Pre-judgment interest at the highest legal rate;

8.1.4. Post-judgment interest at the highest legal rate until paid;

8.1.5. Back-pay;

8.1.6. Front-pay;

8.1.7. Liquidated damages;

8.1.8. Exemplary damages;

8.1.9. Attorneys' fees;

8.1.10. All costs of court; and

8.1.11. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEY FOR PLAINTIFF